IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASAD MUHAMMAD, | No. 2:23-CV-2517-DAD-DMC-P |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| GISELLE MATTESON, | |
| Respondent. | |

Petitioner, a prisoner proceeding pro se, brings this petition for a writ of habeas corpus under 28 U.S.C. § 2254. Pending before the Court is Respondent's motion to dismiss, ECF No. 10. Petitioner has not filed any response to Respondent's motion, which was properly served on Petitioner at his address of record. See id. at 152. For the reasons discussed below, the Court agrees with Respondent that Petitioner's petition presents claims which are neither cognizable nor exhausted.

### I. BACKGROUND

In 2001, a jury convicted Petitioner of three counts of murder with special circumstances and enhancements in Solano County Superior Court case number VC142576. See ECF No. 1 at 1. The trial court sentenced Petitioner to three life sentences without the possibility of parole. See id. The California Court of Appeal affirmed the judgment on appeal. See id. at 2.

In 2019, petitioner filed a petition for resentencing pursuant to California Penal Code § 1170.95 in the superior court. See id. at 3. The superior court found petitioner ineligible for relief under the statute and denied the petition. See id. The California Court of Appeal affirmed the superior court's order. See id. at 4. Petitioner subsequently filed a petition for writ of habeas corpus in the California Supreme Court, which was denied. See ECF No. 10 at 151.

Petitioner presents the following claims with respect to the denial of his § 1170.95[1] resentencing petition: (1) that the Petitioner is serving three life sentences without possibility of parole "though not the actual killer, not accused of personal firearm use nor a major participant"; (2) that the trial court committed a reversible error when it concluded that the lying-in-wait special circumstances necessarily precluded resentencing; and (3) that the trial court committed a reversible error in denying resentencing when concluded that Petitioner acted with reckless indifference to human life. See ECF No. 1 at 7-8.

This action proceeds on Petitioner's original petition, which was filed on November 1, 2023. See ECF No. 1.

## II. DISCUSSION

In the pending unopposed motion to dismiss, Respondent argues that the instant petition must be dismissed because it does not present any cognizable or exhausted claims. See ECF No. 10. Respondent asserts that Petitioner does not raise a federal constitutional basis for any of the claims in his federal petition, and therefore, such claims are not cognizable. See id. at 3. Respondent also argues that the claims in the federal petition are unexhausted. See id. at 4.

**A.    Cognizability**

A writ of habeas corpus is available under 28 U.S.C. § 2254 only on the basis of a transgression of federal law binding on the state courts. See Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985); Gutierrez v. Griggs, 695 F.2d 1195, 1197 (9th Cir. 1983). It is not available for alleged error in the interpretation or application of state law. Middleton, 768 F.2d at 1085; see

---

[1]    California Penal Code § 1170.95 was subsequently renumbered § 1172.6.

2

also <u>Lincoln v. Sunn</u>, 807 F.2d 805, 814 (9th Cir. 1987); <u>Givens v. Housewright</u>, 786 F.2d 1378, 1381 (9th Cir. 1986).  Habeas corpus cannot be utilized to try state issues de novo.  <u>See</u> <u>Milton v. Wainwright</u>, 407 U.S. 371, 377 (1972).

Respondent argues that Petitioner's petition fails to present any cognizable federal habeas claim because a petition for resentencing under § 1170.95 implicates only California sentencing law.  <u>See</u> ECF No. 10 at 4.  The Court agrees with respect to Petitioner's second and third claims, which directly challenge the state court's denial of resentencing.  As numerous other federal courts have concluded, challenges to a denial of resentencing under § 1170.95 do not present a federal question.  <u>See</u> <u>Powell v. Madden</u>, 2023 U.S. Dist. LEXIS 203065, at *5-6 (C.D. Cal. 2023); <u>Dai Nguyen v. Acevedo</u>, 2023 U.S. Dist. LEXIS 218198, at *1-2 & n.1 (E.D. Cal. 2023); <u>Green v. Lovello</u>, 2023 U.S. Dist. LEXIS 182075, at *8 (C.D. Cal. 2023); <u>Hung Nguyen v. Eaton</u>, 2023 U.S. Dist. LEXIS 146465, at *5-9 (N.D. Cal. 2023); <u>Juarez v. Campbell</u>, 2023 U.S. Dist. LEXIS 170699, at *4 (C.D. Cal. 2023); <u>Rangel v. Cruz</u>, 2023 U.S. Dist. LEXIS 93786, at *3-4 (C.D. Cal. 2023); <u>Thompson v. Martinez</u>, 2023 U.S. Dist. LEXIS 76247, at *4-6 (E.D. Cal. 2023); <u>Sanchez v. Bird</u>, 2023 U.S. Dist. LEXIS 94889, at *5 (C.D. Cal. 2023); <u>Torricellas v. Core</u>, 2023 U.S. Dist. LEXIS 44563, at *11-14 (S.D. Cal. 2023); <u>McCavitt v. Covello</u>, 2022 U.S. Dist. LEXIS 223435, at *4-6 (E.D. Cal. 2022); <u>Cole v. Sullivan</u>, 480 F. Supp. 3d 1089, 1097 (C.D. Cal. 2020); <u>Huynh v. Lizarraga</u>, 2020 U.S. Dist. LEXIS 48714, at *145 (S.D. Cal. 2020).

**B.**     **Exhaustion**

Under 28 U.S.C. § 2254(b), the exhaustion of available state remedies is required before claims can be granted by the federal court in a habeas corpus case.  <u>See</u> <u>Rose v. Lundy</u>, 455 U.S. 509 (1982); <u>see also</u> <u>Kelly v. Small</u>, 315 F.3d 1063, 1066 (9th Cir. 2003); <u>Hunt v. Pliler</u>, 336 F.3d 839 (9th Cir. 2003).  The exhaustion doctrine is based on a policy of federal and state comity, designed to give state courts the initial opportunity to correct alleged constitutional deprivations.  <u>See</u> <u>Picard v. Connor</u>, 404 U.S. 270, 275 (1971); <u>see also</u> <u>Rose</u>, 455 U.S. at 518.  "A petitioner may satisfy the exhaustion requirement in two ways: (1) by providing the highest state court with an opportunity to rule on the merits of the claim . . .; or (2) by showing that at the time the petitioner filed the habeas petition in federal court no state remedies are available to the

3

petitioner and the petitioner has not deliberately by-passed the state remedies." Batchelor v. Cupp, 693 F.2d 859, 862 (9th Cir. 1982) (citations omitted). Exhaustion is not a jurisdictional requirement, and the court may raise the issue sua sponte. See Simmons v. Blodgett, 110 F.3d 39, 41 (9th Cir. 1997). Regardless of whether the claim was raised on direct appeal or in a post-conviction proceeding, the exhaustion doctrine requires that each claim be fairly presented to the state's highest court. See Castille v. Peoples, 489 U.S. 346 (1989).

In addition to presenting the claim to the state court in a procedurally acceptable manner, exhaustion requires that the petitioner make the federal basis of the claim explicit to the state court by including reference to a specific federal constitutional guarantee. See Gray v. Netherland, 518 U.S. 152, 162-63 (1996); see also Shumway v. Payne, 223 F.3d 982, 998 (9th Cir. 2000). It is not sufficient for the petitioner to argue that the federal nature of the claim is self-evident. See Lyons v. Crawford, 232 F.3d 666, 668 (9th Cir. 2000), amended by 247 F.3d 904 (9th Cir. 2001). Nor is exhaustion satisfied if the state court can only discover the issue by reading a lower court opinion in the case. See Baldwin v. Reese, 541 U.S. 27, 32 (2004).

Citing Exhibits 2 and 4 submitted with the motion to dismiss, Respondent argues that none of Petitioner's claims are exhausted. See ECF No. 10, pgs. 4-5. Exhibits 2 and 4 are Petitioner's petition for review filed in the California Supreme Court, ECF No. 10, pgs. 9-67 (Exhibit 2), and Petitioner's petition for a writ of habeas corpus filed in the California Supreme Court, ECF No. 10, pgs. 73-149 (Exhibit 4).

In the petition for review, Petitioner raised two claims. See id. at 9-67. First, Petitioner argued that "review should be granted to decide when inferences are too speculative to be considered reasonable deductions for purposes of determining whether a trial court's findings and supported by substantial evidence." Id. at 10. Second, Petitioner argues that "review should be granted to decide whether a ruling that is supported by substantial evidence should be upheld when the record demonstrates the trial court misunderstood the applicable legal standard." Id. None of the three claims presented in the instant federal petition were raised in the petition for review. Thus, the petition for review did not exhaust the claims presented in the federal petition.

///

In the habeas petition filed in the California Supreme Court, Petitioner raised the claims asserted in the federal petition as the second and third claims. See id. at 73-149. As with the federal petition, those claims were based entirely on state law and did not present any federal basis for the claims. Thus, the habeas petition filed in the California Supreme Court failed to make the federal basis of Petitioner's claims explicit to the state court and, thus, it failed to exhaust the second or third claims.

Because all of Petitioner's claims are unexhausted, the petition must be dismissed.

### III.  CONCLUSION

Based on the foregoing, the undersigned recommends that Respondent's unopposed motion to dismiss, ECF No. 10, be GRANTED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 12, 2024

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE